IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NDUBUISI V. CHIMARA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CONTRA COSTA COUNTY GOV'T, et al.,<br><br>　　　　　Defendants. | Case No.: 12-cv-00201 JSC<br><br>**ORDER RE: DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. No. 54)** |

　　　　This lawsuit arises from Plaintiff Ndubuisi V. Chimara's resignation of his employment with Contra Costa County's Employment and Health Services Department. Now pending before the Court is Defendants' Motion for Judgment on the Pleadings (Dkt. No. 54) as to Plaintiff's employment discrimination, harassment, and California Government Code 12940(k) claims, as well as his Section 1983 claim against the individual defendants. Having reviewed the parties' filings and with the benefit of oral argument on May 2, 2013, the Court GRANTS in part and DENIES in part Defendants' motion.

**BACKGROUND**

The Court summarized the factual allegations of the First Amended Complaint ("FAC") (Dkt. No. 25) in detail in its November 6, 2012 Order (Dkt. No. 43) which it incorporates by reference. The gist of Plaintiff's employment discrimination complaint is that the intolerable and discriminatory working conditions created by Defendants led to Plaintiff's constructive discharge from the Employment and Health Services Department ("EHS") of Contra Costa County.  The FAC alleges that Defendants engaged in discriminatory, harassing, and retaliatory actions in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 1983, California common law, and California's Fair Employment and Housing Act ("FEHA").  Plaintiff brings suit against Contra Costa County, Sandra Bustillo, the division manager, and his two immediate supervisors Susan Bain and Magdalena Gabel.

The Court previously granted Defendants' Motion to Dismiss pursuant to 12(b)(6) in part and denied it in part.  (Dkt. No. 43.) The Court granted the motion as to Plaintiff's seventh through twelfth causes of action[1] because he failed to exhaust those claims pursuant to the California Government Claims Act, and also dismissed his claims under California Government Code §§ 12940(a), (h) against the individual defendants.  The motion was denied as to Plaintiff's Section 1983 procedural due process claim.  After Defendants filed their answer, Plaintiff's counsel moved to withdraw.  The motion was granted and Plaintiff is now proceeding pro se.  Although some discovery has been exchanged, Plaintiff's deposition has not yet occurred.  The underlying motion for judgment on the pleadings seeks to dismiss Plaintiff's employment discrimination and harassment claims, as well as his Section 1983 claims against the individual defendants.

---

[1] The seventh through twelfth causes of action were: (VII) constructive/wrongful termination and retaliation in violation of California public policy; (VIII) breach of contract; (IX) intentional infliction of emotional distress; (X) negligent infliction of emotional distress; (XI) negligent hiring, retention, promotion, and supervision; and (XII) damage to professional reputation.

**LEGAL STANDARD**

"After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard of review is "functionally identical" to the Rule 12(b)(6) standard. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1054 n. 4 (9th Cir. 2011). Accepting all allegations of the non-moving party as true, judgment "is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "Dismissal [of claims] can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). In deciding a Rule 12(c) motion, the court may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Generally, when a complaint is dismissed, "leave to amend shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010); *see* Fed.R.Civ.P. 15(a). The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). This is especially true where the plaintiff is proceeding pro se. *See id.* at 1131. However, the court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Cafasso,* 637 F.3d at 1058 (internal citations and quotations omitted).

**DISCUSSION**

**A. Plaintiff's Employment Discrimination Claims**

Plaintiff' FAC alleges that he was subject to discrimination, harassment, and retaliation under Title VII and FEHA based on his national origin, race, gender, political

philosophy, and religion which culminated in his constructive discharge; however, at oral argument, Plaintiff clarified that he alleges discrimination based on his national origin, race, and religion only.[2]  Plaintiff's employment discrimination claims are his first cause of action for discrimination, retaliation and harassment in violation of Title VII, his third cause of action for discrimination under FEHA in violation of California Government Code § 12940(a), his fourth cause of action for failing to prevent discrimination in violation of California Government Code § 12940(k), his fifth cause of action for retaliation under FEHA in violation of California Government Code § 12940(h), and his sixth cause of action for harassment under FEHA in violation of California Government Code § 12940(j).  Defendants move to dismiss all of these claims except for his claim for retaliation under Title VII and FEHA against Contra Costa County (the Court previously dismissed Plaintiff's FEHA claims for discrimination (third cause of action) and retaliation (fifth cause of action) as alleged against the individual defendants).

### 1) Plaintiff's Harassment/Hostile Work Environment Claim

To state a claim for harassment (hostile work environment), Plaintiff must allege that: (1) he was subjected to verbal or physical conduct based on his membership in a protected class; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the Plaintiff's employment and create an abusive work environment. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003); *Rohm v. Homer*, 367 F. Supp. 2d 1278, 1285 (N.D. Cal. 2005) (standard under FEHA is the same).

Defendants contend that Plaintiff's harassment claims fail as a matter of law because his factual allegations do not establish any improper bias based on his membership in a

---

[2] At oral argument, Plaintiff withdrew any claim based on political affiliation as neither Title VII nor FEHA prohibit discrimination based on political affiliation.  *See, e.g.,* 42 U.S.C.A. § 2000e-2(a) (prohibiting discrimination "because of such individual's race, color, religion, sex, or national origin"); Cal. Gov't Code § 12940(a) (prohibiting discrimination "because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation of any person").  He also withdrew any claim based on his gender.

4

1  protected class. Defendants argue that at best Plaintiff's factual allegations against Bain
2  establish a political bias, but neither Title VII nor FEHA prohibit discrimination based on
3  political affiliation. With respect to Bustillo and Gabel, Defendants argue that there are no
4  allegations of any improper bias or motive at all. Finally, Defendants contend that even if
5  Plaintiff could demonstrate an improper bias he cannot show "severe or pervasive"
6  harassment conduct.

7  Plaintiff alleges that when Susan Bain was appointed his immediate supervisor, he
8  began to feel "invidious negative treatment," including belittling and unnecessary scrutiny.
9  (Dkt. No. 25 ¶ 4.) The harassment allegedly commenced when Bain observed a copy of the
10 autobiography of President Barak Obama on his desk. (*Id*.) Thereafter, Plaintiff alleges that
11 Bain raised her voice, made unprofessional statements, and delayed approval for his
12 reimbursements (*Id.*) Further, he alleges that Bain took no action when a client stated in front
13 of Plaintiff and Bain that in Africa (where Plaintiff is from) "they are in the habit of
14 disrespecting their women and not treating them like human beings." (*Id*. at 4(C).)  Bain
15 allegedly "refused to investigate [Plaintiff's] report of a threat of physical harm" from this
16 same client, and instead, "falsely accused [Plaintiff] of breaking the [client's] confidentiality."
17 (*Id.* ¶¶ 4(A)-(C).) Plaintiff also alleges that Bain was in the habit of reminding Plaintiff that
18 he spoke with an accent and would comment on how clients had called to complain to her
19 about his accent and how his accent interfered with his ability to effectively perform his
20 duties. (*Id.* ¶ 31.) After Plaintiff filed a complaint with the Contra Costa County Affirmative
21 Action Officer regarding Bain's treatment, he alleges that she wrote him up "on false and
22 phantom allegations of violence." (*Id.* ¶ 4(C)-(D).) As punishment, Plaintiff alleges that Bain
23 placed a Christmas gift on his desk "to intimidate, harass and spike [sic] him," although
24 Plaintiff had previously indicated his intent not to participate in the gift exchange because it
25 was against his religious beliefs. (*Id.* ¶¶ 4(B) & 34.)

26 Further, Plaintiff had to "put his name on the chalk board when ever [sic] he was out of
27 his seat even in instance when he went for bathroom breaks, or went to another workstation to
28 conference a mutual case with a co-worker, a treatment not meted to any other worker in his

5

unit [and] his supervisor was aware of [Plaintiff's] need to use the bathroom quite often due to a health condition." (*Id.* ¶ 4(G).)  Bain also "canceled all his scheduled case conference meetings" and "hid a significant number of cases" in advance of Plaintiff's transfer to another unit. ((*Id.* ¶ 4(I).)  Finally, he alleges that he was given a negative evaluation and put on "improvement needed status." (*Id.* ¶ 4(J).)

With respect to Defendants Bustillo and Gabel, Plaintiff's allegations are directed at his retaliation claims.  While Plaintiff alleges generally that that he was "the target of insinuation and innuendo by Sandra Bustillo" and that Bustillo and Bain conspired to "stymie any prospect of [Plaintiff's] growth in the agency or even for a routine transfer to another division, to escalating his persecution and hostile work environment," these allegations all appear related to his retaliation claim. (Dkt. No. 25 ¶¶ 4(F) & 4(J).)   As does Plaintiff's allegation that he was given a punitive transfer as a punishment for filing complaints against his supervisors, and that Bustillo knew this transfer would negatively affect Plaintiff because of the distance from his family.  (*Id*. at ¶ 49.)  Plaintiff alleges that Gabel, who became his supervisor after he was transferred, had been "made aware of what has been going on" and thus placed him in a cubicle directly across from her office and continued "with the pattern of intimidation and harassment."  (Dkt. No. 25 ¶¶ N & M.)  Gabel also "made it a pattern… to come to [Plaintiff's] work station/office space uninvited and surreptitiously, several times in a day, in an effort to 'catch' him doing something wrong." (*Id*. at ¶ 4(O).)  She also "ordered the Plaintiff to get a doctor's prescription before he could wear a soft fitting pair of shoes," although Gabel knew he needed the shoes due to a medical condition and other employees were allowed to wear tennis shoes to work. (*Id*. at ¶ 47.)  Further, Gabel allegedly refused to explain to him how things worked at the new office, she solicited Plaintiff's peers to spy on him, and she gave him negative evaluations.  (*Id*. ¶¶ 4(P)-(R).)   In his opposition brief, Plaintiff suggests that these negative evaluations were done in retaliation for his engaging in protected activities.  (Dkt. No. 57, 12:9-11.)

Defendants contend that these allegations are insufficient to show any improper bias.  The Court disagrees.  While Defendant Bain's conduct may be insufficient to establish

6

harassment as a matter of law, that is not the inquiry at this stage. Indeed, many of the cases Defendants cited weigh the adequacy of evidence at the summary judgment stage. *See, e.g., Warzecha v. Kemper Sports Mgmt. Inc.*, No. 11-CV-06221, 2012 WL 2396888, at *4 (D. Or. June 25, 2012) (granting summary judgment because the allegedly harassing comments "were not accompanied by any physical harassment or intimidation; they were isolated in time; they were not objectively severe; and there is no evidence that they significantly interfered [with plaintiff's] ability to perform his job"); *Cozzi v. Cnty. of Marin*, 787 F. Supp. 2d 1047, 1059 (N.D. Cal. 2011) (granting summary judgment concluding that comments about "fresh faces" were insufficient to provide direct evidence of age discrimination); *Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 704 F. Supp. 2d 859, 868 (N.D. Cal. 2010) (granting summary judgment because the evidence as a whole did not demonstrate a hostile work environment where defendant's conduct did not rise to the level of severe and pervasive abuse so as to materially affect the conditions of plaintiff's employment). *But see Salem v. Heritage Square Inc.*, No. 06-04691, 2007 WL 2555513, at *9 (N.D. Cal. Sept. 4, 2007) (denying summary judgment on a hostile work environment claim where the plaintiff testified that her supervisor's comments "made her feel less American" and "demeaned her ability to read and understand English on several occasions").

At this stage, the question is whether Plaintiff has alleged sufficient facts to state a plausible claim for hostile work environment based on his national origin, race, and religion (as Plaintiff has withdrawn any claim based on his gender). The Court is not persuaded by Defendants' argument that Plaintiff's allegations are premised on a claim of bias based on his political affiliation. While Plaintiff includes allegations that suggest that Bain made what would be perceived as negative comments regarding his political affiliation, Plaintiff also includes allegations sufficient to draw an inference that Bain's conduct was based on his membership in a protected class such as national origin. The Court will consider each of Plaintiff's bases separately, although it is not clear that the Court is required to parse out the basis for the claim at this stage. *See Lam v. Univ. of Hawai'i*, 40 F.3d 1551, 1562 (9th Cir. 1994) (holding that "when a plaintiff is claiming race and sex bias, it is necessary to

7

1  determine whether the employer discriminates on the basis of that *combination* of factors, not
2  just whether it discriminates against people of the same race or of the same sex") (emphasis in
3  original); *Salem v. Heritage Square Inc.*, No. 06-04691, 2007 WL 2555513 (N.D. Cal. Sept.
4  4, 2007) (finding that *Lam* may apply equally to a hostile work environment claim such that
5  the plaintiff's claims that she was subjected to a hostile work environment based on sex,
6  religion, and ethnicity could be considered collectively).

### a)  Race as a basis for Plaintiff's claims

At oral argument, Plaintiff indicated that his claims were based in part on his race as an African-American; however, the only place in the FAC where Plaintiff even references his race (albeit indirectly) is where he alleges that he had "informed Susan Bain that he went across the street to watch the presidential inauguration because it was important for him to witness the swearing in of the first African American President of the United States of America."  (Dkt. No. 25, ¶ 33.)  Plaintiff includes numerous allegations regarding his accent, but these allegations relate to his national origin, not race.  Further, Plaintiff has not alleged anything regarding the racial composition of the rest of the workplace—Plaintiff may be the only African-American or he may be one of many.  To state a claim for harassment based on race, Plaintiff must allege racial animus; that is, he was singled out based on his race.  *See, e.g., McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1118 (9th Cir. 2004) (discussing evidence which would give rise to viable claim of race based harassment).

### b)  Religion as a basis for Plaintiff's claims

Plaintiff's claims based on his religion fare no better.  The only allegation in the FAC relating to Plaintiff's religion is that Plaintiff told Bain that he did not want to participate in the Christmas gift exchange because it was against his religious beliefs; however, there is no suggestion that Bain placed the gift on his desk out of religious animus, as opposed to through an oversight, or even as Plaintiff contends, to punish him for filing a complaint.  As with his claim based on racial animus, any claim predicated on religious animus must show that the harassment was tied to his religion.

### c) National Origin as a basis for Plaintiff's claims

Plaintiff has, however, alleged sufficient facts to create an inference that he was subject to unwanted harassment based on his national origin. Taking the following factual allegations as true and construing them in the light most favorable to Plaintiff, as the Court must, Plaintiff has stated a claim for harassment based on his national origin:

- Bain repeatedly commented on Plaintiff's accent and the difficulties clients had understanding him,
- Bain took no action when a client made an ethnically offensive comment (in her presence),
- Instead, Plaintiff was written up for breaching confidentiality when he complained about this comment,
- No action was taken after this same client threatened Plaintiff and his family,
- Bain raised her voice when speaking with him,
- Bain gave him negative performance evaluations, and
- Bain required Plaintiff to write his name on a chalk board whenever he left his desk, including to use the restroom, and no other employee had to do so.

The Court thus turns to the second prong of Plaintiff's hostile work environment claim which requires that the harassment was severe and pervasive so as to alter the terms and conditions of Plaintiff's employment. *Vasquez v. County of Los Angeles*, 307 F.3d 884, 893 (9th Cir.2002). Although "simple teasing, offhand comments, and isolated incidents, unless extremely serious, fall into the category of nonactionable discrimination," *see Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir. 2003), "[t]he required showing of severity or seriousness of the harassing conduct varies inversely with the pervasiveness or frequency of the conduct," *Brooks v. City of San Mateo*, 229 F.3d 917, 926 (9th Cir. 2000). Here, Plaintiff has alleged continuous harassment over an at least two-year period, which distinguishes the facts of this case from cases where a defendant's actions were isolated and not pervasive. *See, e.g., Manatt*, 339 F.3d at 799 (noting that had "these actions occurred repeatedly, Manatt may very well have had an actionable hostile environment claim").

Thus, Plaintiff has stated sufficient facts to make out a claim for harassment based on national origin as to Defendant Contra Costa County and Defendant Bain. The allegations against Defendants Bustillo and Gabel, in contrast, are all premised on their actions retaliating

9

against him for exercising his right to file complaints regarding his supervisors. Unlike the allegations with respect to Defendant Bain, there is no suggestion that Defendants Bustillo or Gabel's actions with respect to Plaintiff had anything to do with his national origin. Accordingly, the harassment claims as to Defendants Bustillo and Gabel are dismissed. Similarly, Plaintiff's claims for harassment based on his religion and race are dismissed. Plaintiff shall be granted leave to amend these claims consistent with this Order.

### 2) Employment Discrimination Claim

To state a claim for employment discrimination, Plaintiff must show that: (1) he is a member of a protected class; (2) he was performing his job in a satisfactory manner; (3) he suffered an adverse employment decision; and (4) he was treated differently than similarly situated persons outside his protected class. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Schechner v. KPIX–TV*, 686 F.3d 1018, 1023 (9th Cir. 2012) (utilizing the *McDonnell Douglas* burden-shifting framework and other federal employment law principles when analyzing disparate-treatment claims under FEHA).

As discussed above, Plaintiff has not demonstrated an adverse employment action based on his membership in any protected class other than national origin. The only allegation as to Plaintiff's religion is that he declined to participate in the Christmas gift exchange because of the "admonition from the Catholic Pontiff that gift giving must not be the object of the birth of Jesus Christ." (Dkt. No. 25, ¶ 34.) Indeed, Plaintiff has not even alleged what religion he practices. Similarly, the only allegation which alludes to Plaintiff's race (as distinct from his national origin) is the allegation regarding his desire to observe the inauguration of the first African-American President. As pled, this is insufficient because the Court cannot discern whether Plaintiff was treated differently from other similarly situated non-African-American employees. As with Plaintiff's harassment claim, Plaintiff will be granted leave to amend his discrimination claim to state a claim for religious and race discrimination.

Plaintiff's allegations are sufficient, however, to create an inference that he was discriminated against based on his national origin. He has alleged multiple adverse

1 employment actions including his constructive discharge and that he "was unfairly disciplined
2 more harshly than his co-workers; threatened with termination; given an unfavorable and
3 false transfer evaluation and a geographical relocation specifically intended to scuttle his
4 ability to attend law school and pick up his children from daycare after work." (Dkt. No. 25, ¶
5 16.) When these allegations are taken in combination with the allegations discussed above,
6 including the repeated references to Plaintiff's accent, the totality of the alleged
7 circumstances support an inference of discrimination based on national origin. At this stage,
8 the Court does not weigh the evidence; instead, the inquiry is limited to whether the FAC
9 "advances enough facts to state a claim for relief that is plausible on its face." *Kuang-Bao*
10 *Ou-Young v. Potter*, No. 10-0464, 2011 WL 9113, at *5 (N.D. Cal. Jan. 3, 2011) (internal
11 citation and quotation omitted).

12 Accordingly, Plaintiff's employment discrimination claim based on his national origin
13 proceeds against Defendant Contra Costa County. The individuals Defendants cannot be
14 liable for constructive discharge because they did not employ Plaintiff. *See* 42 U.S.C.A.
15 § 2000e-2(a); Cal. Gov't Code 12940(a).

### B. Plaintiff's California Government Code 12940(k) Claim

17 Section 12940(k) makes it illegal for "an employer . . . to fail to take all reasonable
18 steps necessary to prevent discrimination and harassment from occurring." Cal. Gov't Code
19 12940(k); *see also Leliand v. City and County of San Francisco*, 576 F.Supp.2d 1079, 1103
20 (N.D. Cal. 2008) (outlining requirements to state a claim). Defendants' request for judgment
21 on Plaintiff's California Government Code 12940(k) claim is wholly predicated on dismissal
22 of Plaintiff's harassment and discrimination claims. *See also Morrow v. City of Oakland*, No.
23 11-02351, 2012 WL 2133755, at *19 (N.D. Cal. June 12, 2012) ("a claim under subsection
24 (k) cannot not proceed in the absence of an underlying discrimination claim"). Because the
25 Court denies Defendant's motion to dismiss Plaintiff's harassment and discrimination claims
26 (with respect to national origin), Defendants' request to dismiss the 12940(k) claim must also
27 be denied.

### C. **Plaintiff's Section 1983 Claim as to the Individual Defendants**

Defendants move to dismiss Plaintiff's Section 1983 due process claim as to the individual defendants. Defendants contend that dismissal is proper because Plaintiff does not allege any specific actions taken by Defendants Bain, Bustillo, or Gabel which deprived him of his due process rights including his right to a *Skelly* hearing. Alternatively, Defendants argue that the individual defendants are entitled to qualified immunity based on the Court's prior order which stated that the law regarding the due process rights of constructively discharged employees within the Ninth Circuit was unsettled. In response, Plaintiff contends that the individual Defendants are liable "because they provided the rationale behind the Contra Costa County Merit Board." (Dkt. No. 57, 19:19-20.) Plaintiff responds to Defendants' qualified immunity defense by arguing the merits of his position that the law is clearly established regarding what process he was due, and he suggests that even if it is an unsettled area of the law this case should establish the precedent.

A supervisor may be liable under Section 1983 if either (1) she was personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citation omitted). The Court concludes that Plaintiff has failed to allege sufficient facts to show that the individual defendants here were involved in the constitutional violation or that there is a causal connection between their actions and those of the Merit Board. There are no allegations relating to the individual defendants with respect to the Section 1983 claim in the FAC. In his opposition to Defendants' motion, Plaintiff contends that the individual defendants provided the rationale behind the Merit Board's decisions and that Defendant Bustillo attended all of the Merit Board hearings. Even if the Court were to grant leave to amend to the complaint to add these allegations, such amendment would be futile given the individual defendants' entitlement to qualified immunity.

The defense of qualified immunity protects "government officials ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  In denying Defendants' motion to dismiss Plaintiff's procedural due process claim, the Court noted that the law regarding what procedural due process is required when an employee is constructive discharged is unsettled.  (Dkt. No. 43, 8:11-14.)  Given the absence of a clearly established right to any procedural due process protections in the context of a constructive discharge, the Court concludes that even if the individual defendants were involved in the procedural due process violations, they would be entitled to qualified immunity because it would not have been clear in the situation they faced that their conduct was unlawful. *See Saucier v. Katz*, 533 U.S. 194, 202 (2001).  Accordingly, Defendants' motion to dismiss the Section 1983 claim as to the individual defendants is granted without leave to amend.

## CONCLUSION

Based on the foregoing, this Court GRANTS in part and DENIES in part Defendants' motion for judgment on the pleadings (Dkt. No. 54).

The motion is DENIED as to following claims:

    (1)  Harassment (hostile work environment) based on national origin;

    (2) Discrimination based on national origin; and

    (3)  Violation of California Government Code 12940(k).

The motion is GRANTED WITH LEAVE TO AMEND as to:

    (1) Plaintiffs' harassment claims against Defendants Bustillo and Gabel;

    (2) Plaintiff's harassment claims against Contra Costa County and Defendant Bain based on race and religion; and

    (3) Plaintiff's discrimination claims against Contra Costa County based on race and religion.

The motion is GRANTED with prejudice as to:

    (1) Plaintiff's second cause of action for failure to provide due process pursuant to Section 1983 as to individual Defendants Bain, Bustillo, and Gabel.

1    Plaintiff may file a Second Amended Complaint within 21 days from the date of this
2 order.  If Plaintiff elects to file an amended complaint, he shall include specific allegations
3 that address the pleading requirements set forth herein and shall specify for each claim the
4 defendant or defendants against whom it is alleged.
5    As discussed at the hearing, the pretrial schedule shall proceed as follows:
6      Fact discovery closes:                              July 31, 2013
7      Last day for hearing dispositive motions:     October 3, 2013
8      Pretrial Conference:                                November 7, 2013
9      Trial:                                                       December 2, 2013
10   **IT IS SO ORDERED.**

12 Dated:  May 7, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE